IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KATIE THOMAS and                                                                              PLAINTIFFS
MARILYN M. RATCLIFF

vs.                                              Civil No. 4:10-cv-04042

UNITED STATES OF AMERICA                                                          DEFENDANT

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant's Motion to Dismiss. ECF No. 8. This Motion was filed on July 14, 2010. *See id.* On August 12, 2010, Plaintiff filed a response to this Motion. ECF No. 11. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Harry F. Barnes referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

Defendant filed this Motion to Dismiss alleging Plaintiff (Katie Thomas) had improperly attempted to file suit on behalf of all the decedent's heirs at law without joining those individuals to this action. ECF No. 8. Defendant claims such an attempt to file suit without the joinder of all the heirs at law is in violation of Arkansas law. *See id.* However, since the time Defendant filed this Motion to Dismiss, Plaintiff filed an Amended Complaint wherein she joined all of the decedent's heirs at law. ECF No. 10. Thus, this Court finds Defendant's Motion to Dismiss is moot.

Furthermore, even if Plaintiff had not properly amended her Complaint and joined all of decedent's heirs, Defendant's Motion to Dismiss is also moot because it is directed toward Plaintiff's original Complaint and not her Amended Complaint.[1] The Amended Complaint supercedes

---

[1] The current Amended Complaint before this Court was filed November 23, 2010. ECF No. 25.

1

Plaintiff's original Complaint.  *See Brown Sheet Iron & Steel Co. v. Maple Leaf Oil & Refining Co.,* 68 F.2d 787, 788 (8th Cir. 1934).  *See also Brasel v. Weyerhaeuser Co.,* 2008 WL 693805, at *2 (W.D. Ark. March 12, 2008) (J. Barnes) (following *Brown Sheet Iron* and holding that an amended complaint supercedes an original complaint).  Thus, Defendant's Motion to Dismiss should also be denied as moot for this reason.

Accordingly, based upon the foregoing, this Court recommends Defendant's Motion to Dismiss (ECF No. 8) be **DENIED AS MOOT.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 30th day of November, 2010.**

                                                /s/   Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                U.S. MAGISTRATE JUDGE