IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KATIE THOMAS and                                                                                  PLAINTIFFS
MARILYN M. RATCLIFF

vs.                                           Civil No. 4:10-cv-04042

UNITED STATES OF AMERICA                                                                DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendant's Motion to Dismiss Plaintiffs' Amended Complaint. ECF No. 27. This Motion was filed on December 3, 2010. *Id.* On January 18, 2011, Plaintiff filed a response to this Motion. ECF No. 32. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Harry F. Barnes referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

Plaintiff Katie Thomas ("Thomas") filed her original complaint in this case on April 1, 2010. ECF No. 1. Plaintiff Thomas is the decedent's surviving spouse. Thereafter, on August 9, 2010, Plaintiff Thomas filed her amended complaint and added Plaintiff Marilyn M. Ratcliff ("Ratcliff") to the lawsuit. ECF No. 25. Plaintiff Ratcliff is the decedent's heir at law. Under Arkansas Code Annotated § 16-62-102(b), as a wrongful death action, because there is no personal representative, this action must be brought "by the heirs at law of the deceased person." Thus, Plaintiff Ratcliff must be a party to this action.

Further, Plaintiffs bring this action under the Federal Torts Claims Act ("FTCA"). ECF No. 25. Under the FTCA, 28 U.S.C. § 2675, a plaintiff is required to exhaust his or her administrative

remedies prior to filing a lawsuit. This administrative exhaustion requirement is jurisdictional and cannot be waived. *See Lunsford v. U.S.,* 570 F.2d 221, 224 (8th Cir. 1977). Additionally, in general, a plaintiff must individually exhaust his or her administrative remedies. *See id.* (finding named class members could not exhaust administrative remedies on behalf of unnamed class members). The only possible exception to this rule is where the plaintiff acts as an agent for another plaintiff in pursuing administrative remedies, and, as such, one plaintiff exhausts the administrative remedies on behalf of himself or herself *and* the other plaintiff. *See id.* at 226. In such instances, the plaintiff claiming the exhaustion requirement had been met must "demonstrate the existence of the necessary agency relationship." *See id.*

In this action, there is no dispute Plaintiff Ratcliff did not file an administrative tort claim with the Department of Veterans Affairs ("DVA") as was required for her to exhaust her administrative remedies in this case. Instead, only Plaintiff Thomas filed such an administrative claim. ECF No. 25-1. In her administrative claim, Plaintiff Thomas was asked to "state nature and extent of each injury or cause of death, which forms the basis of the claim, if other than claimant, state name of injured person or decedent." *Id.* In response, Plaintiff Thomas stated the following: "The wrongful death of my late husband. He died and I'm his surviving spouse as evidenced by the death certificate attached hereto." *Id.*

In this administrative claim, Plaintiff Thomas did not reference Plaintiff Ratcliff, did not indicate that she was filing this claim on behalf of herself and all other heirs at law, and signed this claim in her name alone. *Id.* Indeed, in the amended complaint, Plaintiff Thomas does not state that she filed the administrative action on behalf of Plaintiff Ratcliff as well as herself. ECF No. 25. Thus, there has been no demonstration of any agency relationship between Plaintiff Thomas and Plaintiff Ratcliff.

Thus, pursuant to the FTCA, because Plaintiff Ratcliff has not exhausted her administrative remedies, she cannot bring this lawsuit. Under Arkansas Code Annotated § 16-62-102(b), Plaintiff Ratcliff is a required party who must be joined for this lawsuit to proceed. Accordingly, because Plaintiff Ratcliff cannot bring this lawsuit and is a required party under Arkansas law, this Court recommends this lawsuit be dismissed without prejudice, and Defendant's Motion to Dismiss (ECF No. 27) be **GRANTED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **24th day of January, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE